UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

NATIONAL RIFLE ASSOCIATION OF AMERICA,

<table>
<tr><td></td><td align="right"><em>Plaintiff</em>,</td><td align="center"><strong>ANSWER TO FIRST<br>AMENDED COMPLAINT</strong></td></tr>
</table>

-against-

ANDREW M. CUOMO, both individually and in his official capacity; NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT d/b/a EMPIRE STATE DEVELOPMENT; and ERIC GERTLER, both individually and in his official capacity; NEW YORK STATE DEPARTMENT OF LABOR; and ROBERTA REARDON, both individually and in her official capacity,

20-CV-0385

MAD/DJS

<em>Defendants</em>.

_____

Defendants Andrew M. Cuomo, Eric Gertler, Roberta Reardon, the New York State Department of Economic Development, and the New York State Department of Labor, by their attorney, Letitia James, Attorney General of the State of New York, Andrew W. Koster, Assistant Attorney General, of counsel, answer the Complaint as follows:

## FIRST AMENDED COMPLAINT AND JURY DEMAND[1]

Deny the allegations contained in the unnumbered paragraph, entitled "First Amended Complaint and Jury Demand," except admit that Plaintiff files this Complaint against Defendants New York Governor Andrew M. Cuomo, in his individual and official capacities; the New York State Department of Economic Development, also known as Empire State Development; Acting Commissioner of the New York State Department of Economic Development, Eric Gertler, in his

---

[1] Defendants refer to Plaintiff's headings and titles for ease of reference, but to the extent those headings and titles can be construed to contain factual allegations, Defendants deny the allegations.

individual and official capacities; the New York State Department of Labor; and the Commissioner of the New York State Department of Labor, Roberta Reardon, in her individual and official capacities.

## PRELIMINARY STATEMENT

Deny the allegations contained in the unnumbered paragraph entitled "Preliminary Statement," to the extent that it is deemed to contain factual allegations to which a response is required.

## PARTIES

1.      Admit that the National Rifle Association of America is a nonprofit corporation organized under the laws of the State of New York, but otherwise deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1.

2.      Deny the allegations contained in Paragraph 2, except admit Plaintiff seeks declaratory and injunctive relief.

3.      Deny the allegations contained in Paragraph 3, except admit that Andrew M. Cuomo is the Governor of the State of New York, that he acted under color of state law, and that Plaintiff has named Governor Cuomo in his individual and official capacities in the Complaint.

4.      Deny the allegations contained in Paragraph 4, except admit that the Department of Economic Development is also known as the Empire State Development Corporation ("ESD").

5.      Deny the allegations contained in Paragraph 5, except admit that Acting Commissioner Gertler is Acting Commissioner of the New York State Department of Economic Development, that he acted under color of state law, and that Plaintiff has named Acting Commissioner Gertler in his individual and official capacities in the Complaint.

6.      Admit.

2

7.      Admit.

## JURISDICTION AND VENUE

8.      Deny the allegations contained in Paragraph 8, except admit that Plaintiff relies upon the cited statutes for jurisdiction.

9.      Deny the allegations in Paragraph 9, except admit that Plaintiff relies upon the cited authority to establish venue.

10.     Deny the allegations contained in Paragraph 10.

11.     Deny the allegations contained in Paragraph 11, except admit that Plaintiff requests relief pursuant to the cited statutes.

## STATEMENT OF RELEVANT FACTS

### A.  Relevant Authority

12.     Deny the allegations contained in Paragraph 12 that the Second Amendment to the United States Constitution is relevant authority, deny the allegations contained in Paragraph 12 to the extent that Plaintiff purports to accurately restate the Second Amendment as written, except admit that the Second Amendment provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."

13.     Deny the allegations contained in Paragraph 13 that the Fifth Amendment to the United States Constitution is relevant authority, except admit that the Fifth Amendment provides that: "No person shall . . .  be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

14.     Deny the allegations contained in Paragraph 14 and deny that the authority cited is applicable and/or accurate.

3

15.     Deny the allegations contained in Paragraph 15 that the Fourteenth Amendment to the United States Constitution is relevant authority, except admit that the Fourteenth Amendment is correctly restated.

**B.  The Executive Order**

16.     Deny the allegations contained in Paragraph 16, except admit that on March 18, 2020, Governor Cuomo issued Executive Order 202.6, which provides, in part, that: "Effective on March 20 at 8 p.m.: All businesses and not-for-profit entities in the state shall utilize, to the maximum extent possible, any telecommuting or work from home procedures that they can safely utilize. Each employer shall reduce the in-person workforce at any work locations by 50% no later than March 20 at 8 p.m. Any essential business or entity providing essential services or functions shall not be subject to the in-person restrictions," and "[a]ny other business may be deemed essential after requesting an opinion from the Empire State Development Corporation, which shall review and grant such request, should it determine that it is in the best interest of the state to have the workforce continue at full capacity in order to properly respond to this disaster. No later than 5 p.m. on March 19, 2020, Empire State Development Corporation shall issue guidance as to which businesses are determined to be essential."

17.     Deny the allegations contained in Paragraph 17, except admit that on March 20, 2020, Governor Cuomo issued Executive Order 202.8, which modified Executive Order 202.6, and that Executive Order 202.8 provides, in part, that: "The provisions of Executive Order 202.6 are hereby modified to read as follows: Effective on March 22 at 8 p.m.: All businesses and not-for-profit entities in the state shall utilize, to the maximum extent possible, any telecommuting or work from home procedures that they can safely utilize. Each employer shall reduce the in-person

4

workforce at any work locations by 100% no later than March 22 at 8 p.m. Any essential business or entity providing essential services or functions shall not be subject to the in-person restrictions. An entity providing essential services or functions whether to an essential business or a non-essential business shall not be subjected to the in-person work restriction, but may operate at the level necessary to provide such service or function. Any business violating the above order shall be subject to enforcement as if this were a violation of an order pursuant to section 12 of the Public Health Law."

18.     Deny the allegations contained in Paragraph 18, except admit that on March 19, 2020, ESD issued guidance on Executive Order 202.6, entitled "Guidance For Determining Whether A Business Enterprise Is Subject To A Workforce Reduction Under Recent Executive Orders" ("Guidance"); admit that the Guidance is updated and was updated; and admit that the Guidance is published on ESD's website.

19.     Deny the allegations contained in Paragraph 19, except admit that the Guidance, as updated, contains, in part, a list of illustrative and nonexclusive categories and types of essential businesses and essential services but subject to an essential business or essential service requesting designation as an essential business or service, and admit that firearm and ammunition manufacturers and retailers are not on the list of essential businesses.

20.     Deny the allegations contained in Paragraph 20, except admit that the Guidance, as updated, contains, in part, a list of illustrative and nonexclusive categories and types of essential retail, but subject to an essential business or essential service requesting designation as an essential business or service.

21.    Deny the allegations contained in Paragraph 21, except admit that the Guidance, as updated, contains, in part, a list of illustrative and nonexclusive categories and types of essential services necessary to maintain the safety, sanitation and essential operations of residences or other businesses, but subject to an essential business or essential service requesting designation as an essential business or service.

22.    Deny that the Executive Orders require the closure of gun and ammunition retailers. Deny knowledge or information sufficient to form a belief as to the prefatory allegation that "many reasonable Americans would consider stores that sell ammunition and firearms, repair firearms and provide training on gun safety, to be necessary for the maintenance of safety and security[.]"

23.    Deny the allegations contained in Paragraph 23, except admit that a prior version of the Guidance stated "[i]f the function of your business is not listed above, but you believe that it is essential or it is an entity providing essential services or functions, you may request designation as an essential business," and admit that ESD's website provides a link where a business may request designation as an essential business.  Defendant Governor Cuomo denies knowledge or information sufficient to form a belief as to the allegation that "a substantial number of firearm retailers have submitted requests for designation of their businesses and [*sic*] essential but have received no response or received an electronic message that there is a backlog of requests and that responses will be delayed." Defendant Gertler denies knowledge or information sufficient to form a belief as to the allegation that "a substantial number of firearm retailers have submitted requests for designation of their businesses and [*sic*] essential but have received no response or received an electronic message that there is a backlog of requests and that responses will be delayed," except Defendant Gertler admits that ESD has received designation requests.

6

24.     Deny the allegations contained in Paragraph 24, except admit that the Guidance clarifying the scope of the Executive Orders has been updated on an ongoing basis.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26.

27.     Deny the allegations contained in Paragraph 27 insofar as bicycle shops are "essential" only for repair purposes, and deny knowledge or information sufficient to form a belief as to statements made by "the general manager of a bicycle repair store."

28.     Deny the allegations contained in Paragraph 28.

**C. Enforcement of the Executive Order**

29.     Deny the allegations contained in Paragraph 29, except admit that Governor Cuomo made the quoted statement.

30.     Deny the allegations contained in Paragraph 30, except admit that the website for the Department of Labor permits complaints to be filed for the reasons listed on the website, including if "[y]ou know about a business that is non-essential and is operating."

31.     Deny the allegations contained in Paragraph 31.

**D. State of New York Shuts Down Gun Stores**

32.     Deny the allegations contained in Paragraph 32.

33.     Deny the allegations contained in Paragraph 33, except admit that Executive Order 202.6, as modified, remains in effect.

34.     Deny the allegations contained in Paragraph 34.

7

35.     Deny the allegations contained in Paragraph 35.

36.     Deny knowledge or information sufficient to form a belief as to the allegation that "Therefore, immediately prior to enactment of the Executive Order, consumers wishing to exercise their Second Amendment right to purchase firearms or ammunition relied on licensed gun stores and dealers, substantially all of which have now shut down due to enforcement of the Executive Order." All other allegations in Paragraph 36 are denied.

37.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37.

38.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38.

39.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39.

40.     Deny knowledge or information sufficient to form a belief as to the allegation that "[T]he NRA represents tens of thousands of members in the State of New York who desire to purchase firearms or ammunition[.]" All other allegations in Paragraph 40 are denied.

**E.  State of New York Refuses to Clarify that Gun Stores are Essential**

41.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41, except admit that other states have issued "shelter in place" orders.

42.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42.

43.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43.

44.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44.

45.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45.

46.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46.

47.     Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 that Senator Ortt sent an open letter to Governor Cuomo, except admit that on March 27, 2020, Senator Ortt posted on his New York State ("NYS") Senate homepage a letter to Governor Cuomo dated March 26, 2020, which contained the statements as set forth, in part, in Paragraph 47.

48.     Admit that on March 27, 2020, Senator Ortt posted on his NYS Senate homepage a letter to Governor Cuomo dated March 26, 2020, which contained the statements as set forth, in part, in Paragraph 48.  All other allegations are denied.

49.      Deny the allegations contained in Paragraph 49.

### F.  New Yorkers Prevented From Purchasing Firearms

50.     Deny the allegations contained in Paragraph 50.

51.     Deny knowledge or information sufficient to form a belief as to New York City Police Department staffing, criminal statistics, and statements made by the Police Commissioner. All other allegations in Paragraph 51 are denied.

52.     Deny knowledge and information sufficient to form a belief as to the allegations contained in the first, second, and third sentences in Paragraph 52.  The fourth sentence is a

statement of law to which a response is not required, and Defendants deny the characterizations contained in that sentence.

## CLAIMS

### A. Count One: Second and Fourteenth Amendment Claims under 42 U.S.C. § 1983

53. Defendants repeat their responses to Paragraphs 1-52 as if fully set forth herein.

54. Deny the allegations contained in Paragraph 54.

55. Deny the allegations contained in Paragraph 55.

56. Deny the allegations contained in Paragraph 56.

57. Deny knowledge or information sufficient to form a belief as to the allegations that "The issue of whether firearm and ammunition retailers should remain open during the states of emergency declared across the country is of national prominence, about which there is reporting almost every day in the news. A litany of officials from states around the nation has announced that firearm and ammunition retailers will be treated as essential businesses and critical infrastructure" and deny knowledge or information sufficient to form a belief as to the allegation that "The federal Department of Homeland Security has acted to declare that firearm manufacturers and retailers are critical infrastructure." Defendant Governor Cuomo and Defendant Commissioner Reardon deny knowledge or information sufficient to form a belief as to designation requests made to ESD. Defendant Acting Commissioner Gertler admits that designation requests have been received by ESD.  All other allegations in Paragraph 57 are denied.

58. Deny the allegations contained in Paragraph 58.

### B. Count Two: Fifth and Fourteenth Amendment Claims under 42 U.S.C § 1983

59. Defendants repeat their responses to Paragraphs 1-58 as if fully set forth herein.

60. Deny the allegations contained in Paragraph 60.

61.   Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61.

62.   Deny the allegations contained in Paragraph 62.

63.   Deny the allegations contained in Paragraph 63, except admit that the list contained in the Guidance is illustrative and nonexclusive but subject to an essential business or essential service requesting designation as an essential business or service.

64.   Deny the allegations contained in Paragraph 64.

65.   Deny the allegations contained in Paragraph 65.

## DEMAND FOR JURY TRIAL

66.   Deny Plaintiff is entitled to a jury trial.

## ALL PARAGRAPHS

Deny any allegations which is not expressly admitted or denied.

## DEFENSES

1.   The Complaint fails to state a claim upon which relief can be granted.

2.   Plaintiff lacks standing.

3.   New York State Department of Economic Development/Empire State Development Corporation and the New York State Department of Labor are not persons under the meaning of 42 U.S.C. § 1983.

4.   At all relevant times, Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity as sued in their individual capacities.

11

5.      The Complaint is barred, in whole or in part, by the Eleventh Amendment.

6.      Defendants are not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C. § 1983.

7.      Plaintiff's claims are not ripe.

8.      Plaintiff's claims are moot.

9.      This Court should abstain from consideration of Plaintiff's claims.


        WHEREFORE, Defendants Andrew M. Cuomo, Eric Gertler, NYS Department of Economic Development, Roberta Reardon, and NYS Department of Labor respectfully request that this Court deny the relief requested in the Complaint, dismiss the Complaint, and grant such other relief as to the Court shall seem is just and equitable.

Dated: Albany, New York
      May 13, 2020

                                                LETITIA JAMES
                                                Attorney General
                                                State of New York

Attorney for Defendants Andrew M. Cuomo, Eric Gertler, Roberta Reardon, New York State Department of Economic Development, and New York State Department of Labor

The Capitol
Albany, New York 12224


By: **s/ _Andrew W. Koster_**
Andrew W. Koster
Assistant Attorney General, of Counsel
Bar Roll No.   701106
Telephone:     (518) 776-2609
Email: andrew.koster@ag.ny.gov


TO:    William A. Brewer, Esq.
        750 Lexington Ave., 14th Floor
        New York, NY  10022