UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NATIONAL RIFLE ASSOCIATION OF AMERICA,

*Plaintiff*,

-against-                                                           20-CV-0385

                                                                    MAD/DJS
ANDREW CUOMO, both individually and in his official
capacity; NEW YORK STATE DEPARTMENT OF
ECONOMIC DEVELOPMENT d/b/a EMPIRE STATE
DEVELOPMENT; ERIC GERTLER, both individually and
in his official capacity; NEW YORK STATE
DEPARTMENT OF LABOR; and ROBERTA REARDON,
both individually and in her official capacity,

*Defendants*.

---

**MEMORANDUM OF LAW IN SUPPORT OF THE DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

LETITIA JAMES
Attorney General of the State of New York

Attorney for Defendants Andrew M. Cuomo,
        Eric Gertler, Roberta Reardon, NYS
        Department of Labor and NYS
        Department of Economic Development

The Capitol
Albany, New York 12224

Andrew W. Koster
Assistant Attorney General, of Counsel
Bar Roll No. 701106
Telephone: (518) 776-2609

Date: June 22, 2020

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ................................................................................................................... 1

STANDARD OF REVIEW ...................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

     I.     THE PLAINTIFF LACKS STANDING. ............................................................. 3

     II.    THE CLAIMS AGAINST THE STATE AGENCIES MUST BE
          DISMISSED. ....................................................................................................... 4

CONCLUSION ....................................................................................................................... 5

## PRELIMINARY STATEMENT

Defendants Governor Andrew Cuomo, New York State Department of Economic Development, New York State Department of Economic Development Acting Commissioner Eric Gertler, New York State Department of Labor, and New York State Department of Labor Commissioner Robert Reardon (collectively, "the Defendants") move for judgment on the pleadings. The Empire State Development Corporation ("ESD") determined that firearms retailers are not "essential" under the meaning of the Executive Orders governing the State's response to the ongoing COVID-19 pandemic.[1] The Plaintiff argues that this determination violates the Second Amendment to the United States Constitution and is void for vagueness. However, because the Plaintiff lacks standing, the motion should be granted and the First Amended Complaint dismissed with prejudice.

## BACKGROUND

In response to the ongoing COVID-19 global pandemic, New York State took numerous steps to limit the spread of the virus by promoting social distancing, including enacting a series of Executive Orders.[2] On March 18, 2020, Governor Cuomo issued Executive Order 202.6, ordering that employers reduce the in-person workforce by 50%. First Amended Complaint ("Compl.") at ¶ 16. The Executive Order provided that any "essential business or entity providing essential services or functions shall not be subject to the in-person restriction" and provided that ESD would issue guidance as to which businesses are essential. *Id.* On March 20,

---

[1] "Empire State Development Corporation" is the term used to collectively describe the Department of Economic Development and the Urban Development Corporation. The Guidance at issue here was issued by the Department of Economic Development. *See* Compl. Ex. C ("This guidance is issued by the New York State Department of Economic Development.").

[2] Another court in the Northern District is considering a similar challenge. In *Dark Storm et. al. v. Cuomo et. al.*, 1:20-cv-0360 (LEK/ATB), a firearms and ammunition retailer and two consumers raise, among other claims, a Second Amendment challenge to the Executive Orders requiring the closure of non-essential retailers. Cross-motions for summary judgment are fully briefed and are currently pending before Judge Kahn.

2020, Governor Cuomo issued Executive Order 202.8, ordering that non-essential employers reduce the in-person workforce by 100% no later than March 22, 2020, at 8:00 p.m.  Compl. ¶ 17.  This order applied to the overwhelming majority of retail stores and offices throughout the State.  *Id*.

ESD issued "Guidance for Determining whether a Business Enterprise is Subject to a Workforce Reduction Under Recent Executive Orders" on March 19, 2020, which it updated periodically thereafter.  Compl. ¶ 18.  The Guidance provided that "essential businesses" are businesses or entities which fall into one of twelve enumerated categories.  *See* Compl. Ex. C (Guidance as updated March 27, 2020).  Although the Guidance did not include firearms and ammunition manufacturers and retailers in any of the categories, Compl. ¶ 19, such manufacturers and retailers could fulfill orders for law enforcement, Compl. Ex. C at 6 (non-essential businesses can provide products to essential government services).  The Executive Orders are facially neutral and generally applicable such that they do not specifically target firearms and ammunition manufacturers and retailers.  *See* Compl. Ex. A, B, C.[3]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  The standard applied in deciding a motion for judgment on the pleadings is the same one used in deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *See*

---

[3] The Court can take judicial notice of the fact that New York State is going through a four-phase process which allows specific regions to begin re-opening when they meet seven health related benchmarks.  *See* Fed. R. Ev. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").  As of the date of filing, the entire State is at least in Phase Two, and most of the State has progressed to Phase Three.  As a result of being in Phase Two, all essential and non-essential retailers throughout the State (including firearms and ammunition retailers) are now permitted to open subject to appropriate health and safety guidelines.  Regional progression and description of the four phases are tracked and updated at https://forward.ny.gov/.

*Ying Kuang v. Genzyme Genetics Corp.*, No. 11 Civ. 6346 (JSR), 2012 WL 414280, at *1 (S.D.N.Y. Feb. 2, 2012) (reciting Rule 12(b)(6) standard and citing *Cleveland v. Caplaw Enterprises*, 448 F.3d 518 (2d Cir. 2006)).  *See also S.S. v. Whitesboro Central School Disct.*, No. 6:11-CV-0036 (GTS/GHL), 2012 WL 280754, at *3 (N.D.N.Y. Jan. 31, 2012).

Pursuant to the Rule 12(b)(6) standard, the Court must accept as true all plausible factual allegations in the complaint and accord the plaintiff the benefit of all reasonable inferences. *Montero v. City of Yonkers*, 890 F.3d 386, 394 (2d Cir. 2018).  However, "[l]egal conclusions masquerading as factual conclusions" should not be accepted as true. *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 337 (2d Cir. 2006).  A complaint need not contain "detailed factual allegations" to withstand a motion to dismiss for failure to state a claim.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and brackets omitted).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Id.*  Relief is plausible on its face when the complaint's factual allegations give rise to a "reasonable inference" that a defendant is liable.  *Id.*

## ARGUMENT

### I.    THE PLAINTIFF LACKS STANDING.

The plaintiff—the National Rifle Association ("the NRA")—lacks standing because it brings suit pursuant to 42 U.S.C. § 1983 only on behalf of its members, which is not permitted. *See, e.g.*, Compl. at ¶ 2 (describing claims made in a "representative capacity"); ¶ 40 (alleging that the NRA "represents tens of thousands of members in the State of New York who desire to

purchase firearms or ammunition"); Compl. Request for Relief ¶ C (seeking damages "on behalf of members of the NRA").  Indeed, the NRA is the only plaintiff in the case.[4]

The Second Circuit has repeatedly held that in a case brought pursuant to 42 U.S.C. § 1983, an organization may sue only "on its own behalf, rather than that of its members." *N.Y. State Citizens' Coal. for Children v. Velez*, No. 14- 2919-cv, 629 F. App'x 92, 93 (2d Cir. 2015). *See also Nnebe v. Daus*, 644 F.3d 147, 156 (2d Cir. 2011) ("It is the law of this Circuit that an organization does not have standing to assert the rights of its members in a case brought under 42 U.S.C. § 1983 . . . . ."). "This is because we have 'interpret[ed] the rights [42 U.S.C. § 1983] secures to be personal to those purportedly injured." *N.Y. State Citizens' Coal.*, 629 F. App'x at 93 (quoting *League of Women Voters of Nassau Cnty. v. Nassau Cnty. Bd. of Supervisors*, 737 F.2d 155, 160 (2d Cir. 1984) (brackets in original)).  *See also Rodriguez v. Winski*, 12 Civ. 3389 (NRB), 2020 WL 1188462, at *6 (S.D.N.Y. March 12, 2020) (claims asserted by organization on behalf of members dismissed for lack of subject matter jurisdiction).  Here, the NRA does not allege any injury to itself, let alone one that would give rise to standing in this case.  Instead, as described above, it merely asserts claims on behalf of its members.  The complaint must therefore be dismissed for lack of standing.

## II.     THE CLAIMS AGAINST THE STATE AGENCIES MUST BE DISMISSED.

The Plaintiff asserts claims against two state agencies—the New York State Department of Economic Development and the New York State Department of Labor—pursuant to 42 U.S.C. § 1983.  These claims are barred by the Eleventh Amendment to the United States Constitution, which "bars a suit in law or equity in federal court against a State absent the State's consent to such a suit or congressional abrogation of immunity."  *Seminole Tribe of*

---

[4] Although the complaint alleges the existence of three "John Doe" individuals, *see* Compl. ¶ 37-39, they are not parties to the case.

*Fla. v. Florida*, 517 U.S. 44, 54 (1996).  "[I]t is beyond dispute that the State of New York and its agencies have never consented to be sued in federal court."  *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594-95 (2d Cir. 1990).  Congress did not abrogate New York's Eleventh Amendment immunity by enacting Section 1983.  *Aron v. Becker*, 48 F. Supp.3d 347, 366 (N.D.N.Y. 2014).  Furthermore, the Supreme Court has held that states, state agencies, and state officials sued in their official capacities are not "persons" subject to suit under Section 1983.  *Will v. Michigan Dep't of the State Police*, 491 U.S. 58, 70-71 (1989).  *See also Spencer v. Doe*, 139 F.3d 107, 111 (2d Cir. 1998) ("Neither a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983.").[5] Here, the Department of Economic Development d/b/a Empire State Development and the Department of Labor are both state agencies.  The Section 1983 claim asserted against them fails.[6]

## CONCLUSION

WHEREFORE, the Defendants' Motion for Judgment on the Pleadings must be GRANTED.

---

[5] The *Ex parte Young* doctrine does not save the Plaintiff's claim against DED and DOL because that doctrine applies to claims for prospective relief asserted against state officers—not the state itself.  *Aron*, 48 F. Supp.3d at 367 ("Under the doctrine of *Ex parte Young*, a 'plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that [her] complaint[:] (a) alleges an ongoing violation of federal law[;] and (b) seeks relief properly characterized as prospective.' ") (quoting *Clark v. DiNapoli*, 510 Fed. Appx. 49, 51 (2d Cir. 2013) (brackets and quotations in original)).
[6] Furthermore, to the extent that the Plaintiff asserts a claim other than one for prospective relief against Governor Cuomo, Acting Commissioner Gertler, and Commissioner Reardon in their official capacities, such claim is not cognizable under Section 1983.  *See Will*, 491 U.S. at 70-71 (state officials sued in their official capacities are not "persons" under Section 1983); *supra* n.5 (*Ex parte Young* applies to claims for prospective relief).

Dated: Albany, New York
June 22, 2020

                                               LETITIA JAMES
Attorney General of the State of New York

Attorney for Defendants Andrew M. Cuomo,
       Eric Gertler, Roberta Reardon, NYS
       Department of Labor and NYS
       Department of Economic Development

The Capitol
Albany, New York 12224


By: *s/ Andrew W. Koster*
Andrew W. Koster
Assistant Attorney General, of Counsel
Bar Roll No. 701106
Telephone: (518) 776-2609
Email: andrew.koster@ag.ny.gov


TO:    William A. Brewer, Esq.
        750 Lexington Ave., 14th Floor
        New York, NY  10022